McCARTHY, JOHNSON & MILLER
LAW CORPORATION
LORI A. NORD, ESQ., #87993
ANA PEREZ HALLMON, ESQ. #253309
595 Market Street, Suite 2200
San Francisco, CA 94105
Telephone: (415) 882-2992
Facsimile: (415) 882-2999
E-mail: lnord@mjmlaw.us
E-mail: ahallmon@mjmlaw.us

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY WELFARE TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY PENSION TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICE AND TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY VACATION AND HOLIDAY TRUST FUND; AND BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>ALL AMERICAN TILE AND TERRAZZO, INC.,<br><br>Defendant. | No. C 12 5660 JSC<br><br>**SETTLEMENT AGREEMENT AND STIPULATION FOR ENTRY OF JUDGMENT** |

1. The plaintiffs alleged in their complaint that defendant failed to pay fringe benefit contributions for the months of June 2010 through September 2012 in a timely fashion such that fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs are due and owing to the plaintiffs for this period, as more fully appears by said complaint. The parties agree that defendant paid $17,566.87 of the shortage alleged in the complaint on November 21, 2012 and

that $18,822.61 remains due to plaintiffs from defendant on the alleged shortage based upon defendant's reports to plaintiffs. Additionally, defendant owes plaintiffs attorneys' fees and costs of $2,239.85 incurred in this matter so a total of $21,062.46 is due from defendant to plaintiffs.

2. The plaintiffs and defendant have agreed upon a basis for the adjustment of the matters alleged in the complaint and that a consent decree and judgment will be entered by the plaintiffs, without notice in favor of the plaintiffs, BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY HEALTH WELFARE TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY PENSION TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICE AND TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY VACATION AND HOLIDAY TRUST FUND; and BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY LABOR-MANAGEMENT COOPERATION AND COMMITTEE TRUST FUND, against the defendant, ALL AMERICAN TILE AND TERRAZZO, INC., as set forth below.

3. The plaintiffs by their undersigned counsel and the defendant by an authorized individual and its counsel agree that in the event of a default by defendant under any of the terms described below, a consent decree and judgment will be entered by the plaintiffs, without notice in favor of the plaintiffs, Board of Trustees of Northern California Tile Industry Trust Fund; Board of Trustees of the Northern California Tile Industry Pension Trust Fund; Board of Trustees of the Northern California Tile Industry Apprentice and Training Trust Fund; and Board of Trustees of the Northern California Tile Industry Vacation and Holiday Trust Fund; and Board of Trustees of the Northern California Tile Industry Labor-Management Cooperation Committee Trust Fund (herein "Trust Funds") against the defendant All American Tile and Terrazzo, Inc. (hereinafter "Defendant") for the sum of TWENTY-ONE THOUSAND SIXTY-TWO DOLLARS AND FORTY-SIX CENTS ($21,062.46), plus interest at the rate of 10% per annum from November 21, 2012, to be paid as follows:

///

///

    (a) The parties have agreed that the total judgment will be satisfied by the payment of FOURTEEN THOUSAND DOLLARS ($14,00.00), due and payable from Defendant to the Trust Funds as follows:

      (1) One (1) payment of SEVEN THOUSAND DOLLARS ($7,000.00) upon execution of this Agreement; and

      (2) Seven (7) payments of ONE THOUSAND DOLLARS ($1,000.00) each, on or before the 28th of each month, commencing December 28, 2012.

    (b) There shall be no prepayment interest penalty if Defendant chooses to prepay the total principal and interest outstanding at any time.

    (c) Defendant shall not be in default of any installment payment if said payment is received within ten (10) days of its due date.

    (d) All of the aforementioned payments shall be made payable to McCarthy, Johnson & Miller, Trustee Account, and sent to the following address:

> *Lori A. Nord, Esq.*
> *McCarthy, Johnson & Miller*
> *Law Corporation*
> *595 Market Street, Suite 2200*
> *San Francisco, CA 94105*

  4. If the Defendant defaults in the timely payment of any installment under this Stipulation, the full $21,062.46 of this judgment, plus interest from November 21, 2012 at the contract rate of 10% per annum, shall immediately fall due less the principal credited from any payments already received and plaintiffs will be enabled to immediately enter and execute on the judgment for said sum.

  5. Defendant agrees to abide by the terms and conditions of its collective bargaining agreement with BAC Local No. 3 and the Trust Agreements establishing Plaintiff Trust Funds (hereinafter "these agreements"), including remaining current in its future obligations to submit monthly reports with the corresponding fringe benefit contributions to the plaintiffs for the work months of November 2012 through May 2013. Should Defendant violate the terms of any of these agreements through June 30, 2013, it is agreed that Defendant shall be deemed in default of this Stipulation and that plaintiffs may accordingly enter and execute on this judgment immediately. If

|   |   |
|---|---|
|   | McCARTHY, JOHNSON & MILLER<br>LAW CORPORATION |
| Dated: November 29, 2012 | By: _____*Lori Nord*_____<br>Lori A. Nord, Attorneys for Plaintiffs |

Dated: December 14, 2012

**APPROVED**
*Jacqueline S. Corley*
Judge Jacqueline Scott Corley
(UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA seal)

1  such default occurs, the full $21,062.46 of this judgment, plus interest as set forth above, will
2  immediately fall due, less credit for any payments credited to principal that have already been
3  received and plaintiffs will be enabled to immediately enter a judgment and execute on the
4  judgment for said sum.

5      6.    The parties both desire to settle this known report shortage without a further delay
6  which would be caused by an audit of Defendant's books and records to determine if any
7  additional, currently unknown, shortage exists. Trust Funds specifically reserve their right to audit
8  Defendant for this same time period at a future date if they so desire and Defendant agrees that the
9  settlement of this lawsuit will not act as a bar to plaintiffs requesting an audit in the future. The
10 parties further stipulate that this settlement does not settle any shortage other than the currently
11 known shortage based upon the defendant's contribution reports to plaintiffs for the months of June
12 2010 through October 2012.

13     7.    Trust Funds agree that they will not enter a judgment against Defendant until and
14 unless Defendant defaults under the terms of any provision of this Stipulation for Entry of
15 Judgment.

16     8.    Upon completion of the payments due pursuant to this Stipulation, the Trust Funds
17 will execute a full Satisfaction of Judgment or Dismissal of this lawsuit, whichever is appropriate.

18     9.    Other than the $2,239.85 in plaintiffs' attorneys fees and costs incurred in this
19 matter, each party is to bear their respective costs and attorneys' fees incurred in this action unless
20 Defendant defaults under this agreement in which case Trust Funds will recover all of their
21 attorney's fees and costs as part of the judgment entered.

ALL AMERICAN TILE AND TERRAZZO, INC.

Dated: November 28, 2012    By: _____
                                    Barbara J. Romero, Vice-President

Dated: November 28, 2012    WATSON, HOFFE & HASS

                                    By: _____
                                    Jeanne Mirante, Attorneys for Defendant